EDITH H. JONES, Circuit Judge,
concurring:
Judge Davis’s opinion sets forth Fifth Circuit law correctly in this case, and I must concur. But it is hard to see how this defendant’s sentence, based on the lower guidelines range that will be required, fulfills the purposes of criminal sentencing. He does not deny that his Georgia crime of maliciously causing extreme physical pain to a child was based on an incident in which he squeezed a three year old’s face, then struck the child with his hand, causing marks, bruising and a facial cut. If this isn’t a crime of violence, what is? Moreover, this defendant’s crime “had as an element the threatened use of physical force” against the victim. Otherwise, he could not have been convicted for what he did.
*207 We are hamstrung, however, by the way in which our court has applied the “modified categorical approach,” an approach adopted by the U.S. Supreme Court to interpret federal criminal statutes, not the sentencing guidelines. Without reiterating all that law, the pertinent parts of which are summarized by Judge Davis’s opinion, we may not rely on the uncontested description of the defendant’s conduct from the PSR because we lack the appropriate Shepard documentation. We may not disentangle the broad language of the Georgia statute to demonstrate that while force need not be used to commit the crime there described, it was in fact used brutally here, and Resendiz-Moreno could not have pleaded guilty to a felony violation except on the basis I have stated. In sum, we are blinkered against the reality of this defendant’s prior conviction, and he receives an unjust windfall in his sentence.
If we were to start over, I would advocate the position recently adopted by the Ninth Circuit en banc and by Judge Niem-eyer in regal’d to these sentencing issues. See United States v. Aguila-Montes de Oca, 655 F.3d 915 (9th Cir.2011) (en banc); United States v. Gomez, 690 F.3d 194, 203-15 (4th Cir.2012) (Niemeyer, J., dissenting). This position would authorize more liberal use of Shepard-compliant documents to “pare down” an indictment or plea document to the facts that necessarily undergird the defendant’s prior conviction. The basis for this position is, in sum, that the Supreme Court has never excluded this possibility; that the goals and procedures of sentencing under the guidelines are different from the interpretation of federal criminal liability in the first instance; and that preventing “mini-trials” and unfairness to defendants is minimized by this method. Other circuits currently apply this more realistic approach. See, e.g., United States v. Ventura-Perez, 666 F.3d 670 (10th Cir.2012); United States v. Armstead, 467 F.3d 943 (6th Cir.2006).
Candidly, even under the position I support, Resendiz-Moreno might avoid an enhancement unless the government could adduce the appropriate Shepard documents. But in many of the numerous cases we decide, such documents exist, and we are prevented by our law from relying on them.
Given the split among the circuits on this issue, perhaps the Supreme Court will step in.